THE STATE, EX. REL. IRA P. CONGER, V. DONALD MACCUAIG, COUNTY CLERK OTOE COUNTY.

1. **Construction of Statutes.** Where statutes, or parts of the same statute, are so repugnant to each other that both cannot be executed, the latter is always deemed a repeal of the earlier.

2. **County Warrants:** BY WHOM TO BE DRAWN. A county clerk has no authority to draw warrants upon the county treasury. Such warrants must be drawn by the chairman of the board of county commissioners, be countersigned by the county clerk, and be sealed with the county seal.

3. ———: ———. Section one of chapter two, General Statutes, to the extent that it authorized county clerks to draw warrants upon the county treasury, was repealed by implication by the "act concerning counties and county officers," passed February 27, 1873.

'ORIGINAL application for mandamus.

*Frank P. Ireland* and *A. P. Grout*, for relator.

*George W. Covell*, for respondent.

LAKE, J.

This is an application for a peremptory writ of mandamus to compel the defendant to draw a warrant upon the county treasury of Otoe county for the sum of three hundred fifty-five dollars and thirty-five cents in favor of the relator, for the use and benefit of the Otoe county agricultural association, of which he is president, as is provided in section one, chapter two, of the General Statutes—p. 76.

The application is supported by an affidavit showing the existence of all the facts necessary to bring the relator within the purview of said section, and to entitle him to draw from the county treasury the funds which he seeks.

The important question raised, and the only one that need be noticed, is, whether, under the law as it now stands, money can be drawn from the county treasury on the warrant of the county clerk.

If the section before mentioned were the only statute to be consulted, there could be no doubt as to the authority of the clerk to draw the warrant as demanded, nor of that of the treasurer to pay it. This section, as we now find it, was enacted by way of amendment to a former section on the same subject, and took effect February 15, 1869. But the legislature afterwards, in an act concerning counties and county officers, which took effect September 1, 1873, provided that: "All warrants on the treasurer for money to be paid out of the county treasury" shall be signed by the chairman

of the board of county commissioners, and that they
"shall be countersigned by the clerk, and sealed with
the county seal." Sec. 23, chap. 13, Gen. Stat., 236.
By the three next succeeding sections of this chapter
the issue of warrants is limited to the amount of tax
levied for the current year, and all overdrafts are
chargeable, not against the county, but against the
commissioners making the same, from whom they
"may be collected by civil action." Between these
several sections and the one first above referred to
there is a clear and irreconcilable conflict, and under
the rule heretofore observed by this court in the con-
struction of statutes, the latest enactment must pre-
vail—it being the latest expression of the legislative
will on that subject.

In *White v. Blum*, 4 Neb., 555, this court, adopting
the language of the supreme court of Pennsylvania in
the case of *Brown v. Commissioners*, 21 Penn. St., 37,
said: "Where the statutes are so flatly repugnant that
both cannot be executed, and we are obliged to choose
between them, the latter is always deemed a repeal of
the earlier. This rule applies with equal force to ab-
solute and irreconcilable conflict between different sec-
tions, or parts of the same statute. The last words
stand, and the others which cannot stand with them go
to the ground."

While it is true that the act of 1873, just referred to,
does not in express language purport to repeal, or in
any respect change the section passed in 1869, yet to
the extent that they are irreconcilable it has that effect
by implication. The later enactment is a complete
law of itself, and provides the mode by which alone
money can be drawn from a county treasury. Its ef-
fect under the rule of construction just mentioned was
to annul all former conflicting statutes relating to that
subject. *Smails v. White*, 4 Neb., 353. *Sovereign v.*

*The State*, 7 Neb., 409.    Such being the condition of the several statutes bearing upon this question, we must hold that a county clerk has no authority to draw warrants upon the county treasury, and for this reason the writ of mandamus is denied.

WRIT DENIED.