No. 24,802.

MARY E. KEITH, *Appellant,* v. THE STATE BARBER BOARD et al., *Appellees.*

SYLLABUS BY THE COURT.

"HAIRDRESSING AND BEAUTY PARLOR"—*Proprietor Not a Barber.* The proprietor of a "Hairdressing and Beauty Parlor," the important features of whose business include cutting hair, massaging, clipping hair with barber clippers, singeing the hair, giving tonics, shampooing and manicuring, but not shaving the face, is not a barber within the meaning of that word as used in a statute subjecting the followers of that occupation to examination and regulation.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed February 22, 1923. Reversed.

*William Keith,* and *Charles A. Walsh, jr.,* both of Wichita, for the appellant.

*L. A. Hasty, Robert Hasty,* and *James A. Conly,* all of Wichita, for the appellees.

The opinion of the court was delivered by

MASON, J.: This action was brought by Mary E. Keith, who operates in Wichita a place which she styles "Ladies' Hairdressing and Beauty Parlors," against the State Barber Board and others, to prevent their requiring her to comply with the regulations imposed upon barbers. She was refused relief, and appeals.

Keith v. State Barber Board.

The question involved is whether the business conducted by the plaintiff makes her a barber within the meaning of the term in the statute regulating the practice of that calling, the defendants holding the affirmative. The act is entitled as one "creating a board of examiners to examine and license barbers; . . . providing for a license for barbers to practice their trade or calling, and providing punishment for a violation thereof." (Gen. Stat. 1915, ch. 108, art. 33.) Its first sentence reads: "It shall be unlawful for any person to follow the occupation of a barber in this state unless he shall have first obtained a certificate of registration, as provided in this act." (Gen. Stat. 1915, § 10326.) It contains no definition of the word "barber." It requires an applicant for such a certificate to show among other things that he is free from contagious or infectious disease and that he has the skill to properly perform all the duties of a barber, "including his ability in shaving, hair cutting, preparation of tools, and all duties and services incident thereto." (Gen. Stat. 1915, § 10333.)

The trial court found upon sufficient evidence that the plaintiff in her beauty parlor shop had been doing all of these different kinds of work which barbers in general do: cutting hair, massaging the face, clipping hair with barber clippers, singeing the hair, giving tonics, shampooing, manicuring; that these activities were not merely incidental but were important features of the business, coördinating with other parts of it. The defendants argue that in order for a person to be engaged in the occupation of a barber it is not necessary that he should perform all its usual functions—that if he confined his activities to shaving or even to cutting hair he might nevertheless be practicing that calling; that all the reasons for regulating any barber shop apply with equal force to such an establishment as that conducted by the plaintiff; and that a principal purpose of the statute is to prevent the spread of communicable disease, precautions to which end are as necessary in the one case as in the other.

The argument is plausible, but we think it is overcome by these considerations: Violation of the statute is punishable by both fine and imprisonment, and its provisions must be construed with some degree of strictness on that account. There may be difficulty in stating the precise difference between the two, but we do not think the use of the term barber shop fairly indicates or suggests the kind of place kept by the plaintiff. Such places are not ordinarily spoken of as barber shops, nor those working therein as barbers. If the

legislature had intended to include such establishments within the operation of the law the strong probability is that specific reference would have been made to them. They were not unknown at the date of its enactment—in 1913. Merely by way of illustration it may be mentioned that the Topeka city directory of 1912 included seven "Hairdressers," one of whom was advertised as a "beauty specialist," furnishing "manicuring, massage, shampooing and scalp treatment," and another as engaged in "up-to-date and classy manicuring and hairdressing." A similar statute was passed in 1903 (ch. 70) and repealed in 1905 (ch. 70). No showing is made that prior to the present attempt any effort has been made to enforce against such places as the plaintiff's either of these statutes or that of 1909 giving the board of health power to regulate barber shops, barber schools, public bathhouses and public bathrooms, "in the interest of the public health, and to prevent the spread of contagious and infectious diseases." (Gen. Stat. 1915, §§ 10195, 10196.) The long omission of those charged with the administration of these laws to undertake their enforcement against persons in the plaintiff's situation amounts to such an operative construction as the courts generally respect. If persons who do work similar to that of barbers, but do not undertake to shave customers, are to be brought within the discipline of a regulating board it should be by virtue of new legislation rather than by an extension of the scope of the existing law by interpretation.

The judgment is reversed, and the cause is remanded with directions to render judgment for the plaintiff.

Hopkins, J., not sitting.