No. 29,695.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, as Attorney-general, etc., *Appellant*, v. J. W. CAVENDER, *Appellee*.

(292 Pac. 763.)

Opinion filed November 8, 1930.

*William A. Smith*, attorney-general, for the appellant; *Leon W. Lundblade*, Topeka, of counsel.

*Arthur S. Brewster*, of Troy, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin defendant, who held only a barber's license, from doing what the state claimed was practice of cosmetology. Injunction was denied, and the state appeals. The agreed statement of facts follows:

"1. That William A. Smith is the duly elected, qualified and acting attorney-general of the state of Kansas.

"2. That one J. W. Cavender is a citizen and resident of Sabetha, Nemaha county, Kansas; that his address is Sabetha, Kan.

"3. That the said J. W. Cavender is a regularly licensed barber under the laws of the state of Kansas, and that he procured his license in the year 1910.

"4. That he owns, runs and maintains a barber shop in Sabetha, Kan., and in conjunction therewith runs a beauty parlor, beauty shop, or place where the occupation of cosmetologist is carried on. That said beauty shop is run under his general supervision, but the majority of the work is done by regularly licensed cosmetologists, under the laws of the state of Kansas.

"5. That the beauty shop is merely a part of the main room in which the barber shop is located, but is partitioned off from the main room, and on the front of said room is a notice in substance, that the same is a beauty

shop or parlor; and that it is necessary to go through the barber shop to go into the room which is designated as the beauty shop.

"6. That in the barber shop, as above described, are done the usual and customary things incidental to the occupation of a barber, to wit, shaving the beard, cutting and bobbing hair, massages, shampooing, and other such things.

"7. That in the beauty shop are done the things which are incidental to the occupation of a cosmetologist, particularly as set out in section 2, chapter 245, Laws of Kansas 1927, . . .

"8. That J. W. Cavender has no license to practice the occupation of cosmetologist, as provided by the provisions of chapter 245, Laws of Kansas 1927.

"9. That since the passage. of chapter 245, Laws of Kansas 1927, J. W. Cavender has gone into the so-called beauty shop and given permanent waves, bobbed hair, given facials, and other such work.

"10. That since the passage of the act, as described in paragraph 9, said J. W. Cavender has given permanent waves and done other work which is a part of the cosmetologist occupation prescribed by section 2 of chapter 245, . . . without having a cosmetologist license in his barber shop.

"11. It is further agreed that the particular art of permanent waving is not contained in the preparatory courses of barber colleges in the state of Kansas, or that prospective barbers or applicants for a barber's license are not required to pass an examination on permanent waving, but all that is necessary to procure a barber's license in the state of Kansas is that the applicant make a passing grade in shaving, hair cutting, massaging of the face, and the study of facial diseases and eruptions and to prevent the spread of same. It is further agreed that shampooing is also included in the course of study of a barber, but that none of the other things as contained in section 2, chapter 245, Laws of Kansas 1927, are studied or prepared for by a barber in preparing himself to pass an examination for procuring a barber's license in the state of Kansas."

The prayer of the petition was as follows:

"Wherefore, plaintiff asks that the court grant a permanent injunction enjoining the said J. W. Cavender from giving permanent waves or from curling hair or from giving facials, or any other of several things set out under the provisions of section 2 in chapter 245, Laws of Kansas 1927, in the so-called beauty shop located within the defendant's barber shop, until he complies with the statute by procuring a cosmetologist license and according to law; that he also be enjoined from giving permanent waves or from doing any of the other things as defined by the section above referred to, in his barber shop, unless he has complied with the provisions of chapter 245, Laws of Kansas 1927, and procured a license to practice the occupation of cosmetologist as provided by statute."

At the session of 1927 the legislature passed two acts which took effect on the same day, one relating to barbers (Laws 1927, ch. 244), and one relating to cosmetologists (Laws 1927, ch. 245). The barber act was amendatory of a previous act, an unamended section of which provides that it shall be unlawful to follow the occupation of

barber without procuring a certificate from the barber board. The cosmetology act was new, and provided it should be unlawful to follow the occupation of cosmetologist without obtaining a certificate from the cosmetology board which the act created. The barber act makes requirements respecting learning the barber trade, and provides for examination of applicants for certificates, to determine qualifications. In doing this, things were specified with respect to which the applicant must possess requisite skill. The cosmetology act makes requirements respecting learning the trade of cosmetologist, and provides for examination of applicants for certificates, to determine qualifications. This act defines the term "cosmetologist," and in doing so specifies things which fall within the scope of a cosmetologist's practice. In these ways the statutes indicate activities which each' occupation embraces.

A barber may do the characteristic acts of shaving and trimming the beard. The cosmetologist statute does not mention performance of these acts. With respect to the hair, a barber may cut, bob, clip, singe, dye, wave, and shampoo. A cosmetologist may bob, singe, dye, wave, and cleanse [shampoo?], and may also arrange, dress and curl. Cutting and clipping are not mentioned. With respect to massaging, a barber may massage the face and scalp. Methods of massaging are not mentioned. A cosmetologist may massage the face and scalp, and also the neck, arms, hands, and bust, or upper part of the body, and may do so with the hands, or with mechanical or electrical appliances. A barber may apply and use cosmetic preparations, antiseptics and lotions, and in addition, powders, clays and oils. A cosmetologist may use cosmetic preparations, antiseptics, and lotions, and in addition, creams or other preparations [powders, clays and oils?].

A cosmetologist may manicure nails of the hands, remove superfluous hair from the face or any part of the body, and employ other beautifying processes. A barber must be skilled in preparation of tools, and have knowledge of common diseases of face and skin sufficient to enable him to prevent spread of such diseases. Neither statute imposes a sex qualification, and it is well known that there are female barbers and male cosmetologists. Violation of each act is punishable by fine or imprisonment or both.

In the case of *Keith v. State Barber Board*, 112 Kan. 834, 212 Pac. 871, the proprietor of "ladies' hair dressing and beauty parlors" took action to secure immunity from regulations imposed on barbers by the barber law then in force. That law provided that an ap-

plicant for a barber's license was required to show ability "in shaving, hair cutting, preparation of tools, and all duties and services incident thereto." The practice was for barbers to clip the hair with barber's clippers, singe the hair, shampoo, apply tonics and massage the face, besides shaving and hair cutting. There was no law regulating beauty-parlor workers. The plaintiff in the Keith case did all the things in her establishment which barbers were accustomed to do, except shaving. The court held she was not a barber, and was not subject to regulations of the barber law. The opinion concluded as follows:

"If persons who do work similar to that of barbers, but do not undertake to shave customers, are to be brought within the discipline of a regulating board it should be by virtue of new legislation rather than by an extension of the scope of the existing law by interpretation." (p. 836.)

The decision in the Keith case was rendered in February, 1923. The beauty-parlor business grew rapidly. Women invaded barber shops, and barber-shop keepers solicited and made provision for serving female customers. The occupations of barber and cosmetologist expanded to meet the public demand, and the two statutes of 1927 dealt with the resulting state of affairs. Analysis of the statutes discloses that the two occupations have a common field of practice. A barber may do things which a cosmetologist may do, and a cosmetologist may do things which a barber may do. So far as the two fields are distinct, the services rendered are kindred personal services for improvement of the health, comfort and appearance of men and women, and the two statutes are essentially *in pari materia.*

In the Keith case it was said the barber statute under consideration should be construed with some strictness because of its penal provision. This would be true of either act of 1927 in a prosecution, or a proceeding to forfeit license or other disciplinary proceeding against a practitioner. Such an interpretation should not be employed, however, to restrict the satisfaction of public needs. That interpretation should be favored which will insure the greatest competent service to the public, whatever the effect on the immediate interests of groups of business rivals.

The petition prayed that defendant, holding only a barber's license, be enjoined from giving permanent waves to the hair. It is a matter of common knowledge that permanent waving, by methods and appliances adapted to the purpose, was practiced when

the statutes were enacted, and long before the statutes were enacted. Presumably the legislature knew of the practice, but the statute did not specifically assign permanent waving to cosmetologists to the exclusion of barbers. Presumably the legislature knew how skill in permanent waving was acquired, but the statute made no provision for education in the subject. The legislature knew about the use of mechanical and electrical appliances, but the statute referred to them only in connection with massage. The barber statute permits a licensed barber to wave hair. The cosmetologist statute permits a licensed cosmetologist· to wave hair. Neither statute makes any distinction between varieties of waves. The word "wave" was plainly used in the same sense in both statutes—as an unqualified term covering the subject of waving hair. If the subject of permanent waving of hair requires further regulation in the interest of the public welfare, the regulation must be made by the legislature and not by judicial interpretation.

The petition prayed that defendant be enjoined from doing certain classes of work; permissible under his barber's license, in the beauty shop which he maintained in his barber shop. The statutes do not require licenses to maintain places. The statutes regulate occupations. An unlicensed person may maintain a barber shop or a cosmetologist shop. Defendant, a barber, could maintain a cosmetologist shop in connection with his barber shop, or elsewhere; and a cosmetologist could maintain a barber shop in connection with his or her cosmetologist shop, or elsewhere. Barbers and cosmetologists must, however, be licensed. A licensed barber may do all the things the statute permits, including those which are common to practice of cosmetology; and in this instance defendant could do permanent waving, bob hair, give facial massages, and do anything else permissible under his barber's license in the space in his barber shop set apart as a beauty parlor. Work falling within the exclusive field of cosmetology would, of course, have to be done by a licensed cosmetologist; but that kind of work, as for example manicuring, could be done in the barber shop proper. Of course, any sanitary regulations prescribed by competent authority touching either occupation or place must be observed.

The statutes provide for public display of licenses. That of a barber must be posted in a conspicuous place in front of his working chair, where it may be readily seen by the persons whom he may serve. That of a cosmetologist must be posted in a conspicuous

place in a shop where the holder works. These provisions must be given a reasonable, practical interpretation. Manifestly a barber might serve a customer in the customer's home, or in a hospital, or in a hotel room, without taking his license along. If a barber's working chair should need repair, he might temporarily use another chair in the shop without reposting the license. Likewise he might, to satisfy the desire of a customer or class of customers for privacy, leave his working chair, in front of which his license was conspicuously displayed, and serve a customer in a curtained or screened or partitioned portion of his shop.

The state raises a constitutional question not presented by the petition or decided by the district court. This court has considered the question to some extent without discovering merit in it, but discussion of the matter would not be proper.

The judgment of the district court is affirmed.