[Crim. No. 6621.   Second Dist., Div. One.   May 11, 1959.]

THE PEOPLE, Respondent, v. ARDIS ADOLPH
BLALOCK, Appellant.

Jack A. Otero, under appointment by the District Court of
Appeal, for Appellant.

Stanley Mosk, Attorney General, and William E. James,
Assistant Attorney General, for Respondent.

WHITE, P. J.—Respondent moves to dismiss this appeal
on the ground that there is no merit therein; that it is sham
and frivolous, and presents no appellate objective.

The record reflects that by an amended information, filed
by the district attorney of the County of Santa Barbara, de-

fendant was accused of the crime of burglary. Five prior convictions of felonies were also alleged, all for the crime of burglary in the state of Texas. Two trials before juries resulted in mistrials while in a third trial the jury was unable to agree upon a verdict. A fourth trial before another jury resulted in a verdict finding defendant guilty of burglary as charged in the amended information, and which was found to be burglary of the second degree. All prior convictions charged against him were admitted by defendant to be true. Accordingly, judgment was pronounced July 1, 1957, sentencing defendant to state prison for the term prescribed by law. No appeal was taken from such judgment.

Thereafter, and on December 20, 1957, defendant filed in the superior court a motion to annul, vacate and set aside the aforesaid judgment.

The main contention advanced in support of this motion was based upon the fact that in one of the trials preceding the one resulting in conviction of defendant, the record reveals that defendant's motion for a mistrial was granted. ''The Jury was then discharged and the *defendant discharged from custody.*'' (Emphasis added.) This order was made on March 12, 1957. On March 14, 1957, with defendant and his counsel present, the court made the following order: ''Good cause appearing therefore the Court upon its own motion orders that the order heretofore made discharging the defendant from custody, be, and the same is hereby vacated and set aside.''

It is appellant's contention that when the trial court discharged appellant from custody it had no jurisdiction to again try him upon the same charge, and, that the trial court was without power to set aside its order discharging appellant since the order made was in the exercise of its judgment.

Characterizing the instant appeal as being in the nature of an appeal from the denial of a petition for writ of error *coram nobis*, the attorney general relies upon the many cases which have established the rule in this state that the writ does not lie to correct errors of law, nor was it intended to authorize any court to review or reverse its opinions. That where the remedy of appeal or a motion for a new trial existed, as in the instant case, the writ of error *coram nobis* is not available. (*People* v. *Martinez*, 88 Cal.App.2d 767, 774 [199 P.2d 375]; *People* v. *Tuthill*, 32 Cal.2d 819, 822 [198 P.2d 505]; *People* v. *James*, 99 Cal.App.2d 476, 482 [222 P.2d 117].) Likewise, asserts respondent, *coram nobis* is not the proper vehicle for vindication of constitutional rights (*People* v. *Adamson*, 34

Cal.2d 320, 327 [210 P.2d 13]; *People* v. *Ayala*, 138 Cal.App. 2d 243, 246 [291 P.2d 517]). Respondent finally contends ''. . . that on application for relief in the nature of a petition for writ of error *coram nobis* which states no ground within the limited scope of that writ, presents nothing to the court below and presents only an appeal to this court having no proper appellate objective, and, though a defendant may appeal from an order made after judgment *affecting his substantial rights* (Pen. Code, § 1237, subd. (3)), an order denying relief to which he was not entitled does not constitute an order affecting his substantial rights.''

Appellant however, earnestly urges that this appeal is from an order denying a motion to annul, vacate, and set aside a judgment and is not in the nature of a petition for writ of error *coram nobis*. ▉ Appellant urges, and we are in accord with his contention, that where a judgment is void on the face of the record it may be attacked either by appeal from the judgment or by a motion to vacate the judgment. (*People* v. *Flohr*, 30 Cal.App.2d 576, 579 [86 P.2d 862].) While both remedies are not available in the same case, an accused may avail himself of either one or the other. ▉ In the case at bar the record discloses that on March 12, 1957, the trial court after declaring a mistrial made its order discharging the jury *and the appellant*. The latter now contends that since he was discharged, the court was without jurisdiction to again try him for the same offense.

Penal Code, section 1141, provides: ''*In all cases where a jury is discharged* or prevented from giving a verdict by reason of an accident or other cause, *except where the defendant is discharged* during the progress of the trial, or after the cause is submitted to them, the cause may be again tried.'' (Emphasis added.)

In the case of *People* v. *Superior Court*, 214 Cal. 513 [6 P.2d 955], wherein the trial court sustained defendant's motion for a directed verdict and dismissed the indictment, discharged the defendant and exonerated his bail, the Supreme Court stated at page 515, ''The contention here is: If the indictment does not charge an offense, the court committed no error; if it does charge an offense, nevertheless the defendant is immune from further prosecution. The People, of course, must and do contend that the indictment is sufficient. But the court did not of its own motion nor did the district attorney request that the defendant be held to await a new and sufficient indictment. *This situation makes the further prosecution of defendant on*

*this charge unwarranted and illegal.* (Pen. Code, §§ 1117 and 1141.)'' (Emphasis added.)

It is true, as urged by respondent, that on March 14, 1957, the trial court did vacate and set aside its order of March 12, 1957 discharging appellant. However, appellant urges that the order of March 12th could not be set aside except under appropriate statutory procedure since it was made as the result of judicial error (*MacMahan* v. *Baringer,* 49 Cal.App.2d 431, 432 [122 P.2d 63]).

We are convinced that the instant appeal cannot be classified as frivolous and sham but presents substantial questions of law which should be briefed and determined upon the merits.

The motion to dismiss the appeal is denied.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied June 2, 1959, and respondent's petition for a hearing by the Supreme Court was denied July 8, 1959.