STATE OF NEBRASKA, APPELLEE, v. ROBERT A. EWERT, APPELLANT.

230 N. W. 2d 609

Filed June 26, 1975. No. 39868.

J. William Gallup, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an appeal from an order denying the motion of the defendant, filed in the original action, to vacate a conviction for violation of subsection (1) (f) of section 28-4,127, R. S. Supp., 1974. The ground for the motion is that the judgment of conviction is a nullity because the defendant was charged with having violated the statute on February 19, 1971, and that statute, which is a part of the Controlled Substances Act, did not become law until May 26, 1971. The record shows that the specific charge was that on February 19, 1971, the defendant "did then and there keep or maintain a dwelling house, building, vehicle, or place which was resorted to by persons using controlled substances or which was used for the keeping of controlled substances." The record further shows that the defendant pled guilty to the charge and was fined in the sum of $300. No appeal was taken. On August 23, 1974, the defendant filed the motion in question. On October 23, 1974, the District Court denied the motion "for want of jurisdiction." We reverse and remand the cause with directions to grant the motion.

In this state all public offenses are statutory. No act is criminal unless the Legislature has in express terms declared it to be so, and no person can be punished for any act or omission which is not made penal by the plain import of written law. State v. Hauck, 190 Neb. 534, 209 N. W. 2d 580; Lange v. Royal Highlanders, 75 Neb. 188, 106 N. W. 224; Lane v. State, 120 Neb. 302, 232 N. W. 96. It is conceded that previous to May 26, 1971, there was no statute defining the crime and prohibiting the act of which the defendant was convicted. The State on this appeal asserts that the defendant was entitled to no relief because the right of appeal is barred for the reason that at the time of his conviction the defendant paid his fine. It relies upon State v. Fulton,

187 Neb. 787, 194 N. W. 2d 187; and Abbott v. State, 160 Neb. 275, 69 N. W. 2d 878. It is true, of course, that ordinarily the voluntary payment of a fine defeats any appeal therefrom. However, the above authorities have no application to the present facts where the information states no crime at all and where the defendant appeals from the denial of his motion to set aside the judgment of conviction.

It is apparent on the face of the record that the judgment of conviction is void. We have, heretofore, in civil actions said that void judgments may be set aside on motion at any time. Ehlers v. Grove, 147 Neb. 704, 24 N. W. 2d 866 (judgment absolutely void because no jurisdiction over the person of the defendant); Semrad v. Semrad, 170 Neb. 911, 104 N. W. 2d 338 (partition of real estate where the owner not made party). Counsel has cited no cases and we have found none in which this court has been called upon to apply the rule in a criminal case such as this, where proceedings under the post conviction act are unavailable because the defendant is not incarcerated. Other courts have, however, in criminal proceedings found the rule applicable and we perceive no reason why the principle should not apply. In Ehlers v. Grove, supra, we said the power of the court to set aside void judgments is an inherent power of the court.

In State v. O'Keith, 136 Kan. 283, 15 P. 2d 443, the Kansas court held that a void judgment of conviction could be set aside at any time. In that case the court applied the principle in a situation where the statute gave exclusive jurisdiction in the prosecution of persons under the age of 16 years to the juvenile court, but the District Court had nonetheless entered a judgment of conviction upon a defendant of the age of 13 years. In that case the facts upon which the lack of jurisdiction depended did not show upon the face of the record. The Kansas Supreme Court directed that the judgment be set aside and called attention to the common law rule

of inherent power to set aside void judgments and noted that it had been incorporated into the statutes of that state.

In Lucas v. United States, 158 F. 2d 865, the court held that a motion to vacate a judgment of conviction raises only the question whether the judgment and sentence are void on the face of the record and cannot be used to review proceedings of the trial as upon appeal or writ of error. In that case it affirmed the order of the District Court refusing to vacate the sentence holding that the alleged defect required looking behind the language of the indictment and this could not be done. In People v. Blalock, 170 Cal. App. 2d 307, 338 P. 2d 578; and People v. Flohr, 30 Cal. App. 2d 576, 86 P. 2d 862, the California Court of Appeals held that where a judgment is void on its face, it may be attacked either by appeal from the judgment, or by motion to vacate the judgment, but pointed out that both remedies are not available in the same case.

We hold that where, as here, it is clearly disclosed on the face of the record that the information to which the defendant entered the plea of guilty does not state a charge which on the date of the alleged offense was a crime under the statutes of this state, and where no appeal has been taken, the trial court should, upon proper motion, set aside the judgment of conviction.

The judgment is reversed and the cause is remanded to the District Court with direction to vacate and set aside the judgment of conviction.

REVERSED AND REMANDED WITH DIRECTIONS.