STATE OF NEBRASKA, APPELLEE, V. LORINDA J. BEYER, APPELLANT.

352 N.W.2d 168

Filed July 20, 1984.   No. 83-809.

James H. Truell of Ahlschwede & Truell, for appellant.

Paul L. Douglas, Attorney General, and Timothy E. Divis, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

GRANT, J.

The appellant, Lorinda J. Beyer, appeals from a judgment entered by the district court for Hall County, Nebraska, affirming her conviction for theft of lost or mislaid property of a value less than $100, in violation of Neb. Rev. Stat. § 28-514 (Reissue 1979). She had earlier been convicted by the county court for Hall County, Nebraska, following a trial to a jury. Beyer was sentenced to 90 days in county jail. Beyer maintains that the action of the district court in affirming the trial court was in error in two respects. First, the trial court erred in presenting to the jury prior to the submission of evidence certain instructions and in not complying with what Beyer alleges are the requirements of Neb. Rev. Stat. § 25-1107 (Reissue 1979), and, second, the trial court erred in overruling Beyer's objections to the submission of subsequent jury instructions requested by the State. The record, however, does not support those contentions, and we would find that the county court acted properly in the manner of its handling of the trial. We have always reserved the right to note plain error, however. Neb. Rev. Stat. § 25-1919 (Reissue 1979); *State v. Christiansen,* 217 Neb. 740, 351 N.W.2d 67 (1984). For the reasons hereinafter set out we reverse and remand with directions to dismiss.

On October 9, 1982, a Grand Island police officer stopped Beyer at Conestoga Mall in Grand Island, Nebraska, to inquire as to the ownership of a purse in her possession. A driver's license and a library card found inside the purse identified the owner of the purse as Karleen Knuth. Beyer was arrested, taken into custody, and charged with theft by unlawful taking. At her trial she explained that when she was leaving Northwest High School campus on the morning of September 13, 1982, on an illness pass, she found the purse on the ground outside the school and that she attempted to identify the owner but was unable to do so. The purse had been reported as missing, and when Beyer was seen carrying it at the mall, the police were notified and she was arrested.

Beyer was charged in a two-count complaint, the Knuth incident and another theft. At the conclusion of the trial the other theft charge was dismissed and the case was submitted to the jury on one count of theft by taking the purse of Karleen Knuth

(a violation of Neb. Rev. Stat. § 28-511(1) (Cum. Supp. 1982)) and the lesser-included charge of theft of Knuth's property lost or mislaid (a violation of § 28-514 (Reissue 1979)). The jury acquitted defendant of the charge of theft by taking and convicted defendant of the lesser-included charge of theft of property lost or mislaid. Assuming, without deciding, that the charge of theft of property lost or mislaid was a lesser-included offense, examination of the applicable statutes shows that the Legislature has not provided a penalty for such a crime as to property lost or mislaid where the value of the item which was the subject of the theft is less than $100. We must reverse and dismiss.

In 1977 the Legislature consolidated all theft offenses in Neb. Rev. Stat. §§ 28-509 to 28-518 (Reissue 1979). 1977 Neb. Laws, L.B. 38. The consolidation was generally described in part in § 28-510 (Cum. Supp. 1982) as, "Conduct denominated theft in sections 28-509 to 28-511, 28-511.01, and 28-512 to 28-518 constitutes a single offense embracing the separated [sic] offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and the like." Except for two specific penalties set out in § 28-515(3) (Cum. Supp. 1982) (making or possessing devices to obtain telecommunications services fraudulently is a Class II misdemeanor) and in § 28-516(4) (Reissue 1979) (unauthorized use of a propelled vehicle is a Class III misdemeanor), the severity of the punishment for all theft offenses is dependent solely on the value of the item which was the subject of the theft and not on the precise form of theft employed. Section 28-518 (Cum. Supp. 1982) rates the theft offenses in four categories based on "the value of the thing involved": (1) over $1000 - Class III felony; (2) $300 but not more than $1000 - Class IV felony; (3) more than $100 but less than $300 - Class I misdemeanor; and (4) $100 or less - Class II misdemeanor.

With regard to the crime of which defendant was convicted, however, a different penalty structure is set out in § 28-514 (Reissue 1979), theft of property lost, mislaid, or delivered by mistake. That section provides in part, "Any person violating the provisions of this section shall, upon conviction thereof, be punished by the penalty prescribed in the next lower classifica-

tion *below the value of the item* lost, mislaid, or delivered under a mistake pursuant to section 28-518." (Emphasis supplied.) Section 28-514 (Reissue 1979) thus has reduced the four classifications set out in § 28-518 (Cum. Supp. 1982) to three classifications: (1) "value of the thing involved" over $1000 - Class IV felony; (2) $300 but not more than $1000 - Class I misdemeanor; and (3) more than $100 but less than $300 - Class II misdemeanor. There is no classification set out in § 28-518 (Cum. Supp. 1982) below the lowest classification for general theft of a thing of the value of $0 to $100, and thus, in § 28-514 (Reissue 1979), the Legislature has provided no penalty for theft of property lost, mislaid, or stolen where the value of the thing lost, mislaid, or stolen is less than $100.

In the Legislative hearings on this consolidated theft bill, Senator Luedtke explained what is now § 28-514 (Reissue 1979) as follows:

[Y]ou see that this is the section dealing with lost, where you know that something is lost and you keep it. Nevertheless, the penalty would be the same as just stealing something and it was felt by the group that reviewed and came up with these proposed consent amendments that the penalty where you keep it under that kind of mistaken notion, under lost property, that it ought to be a lesser penalty, that there ought to be some distinction between just merely stealing something under those circumstances or just keeping it, even if you do know that it is lost because you are, after all, holding on to it for somebody or have held on to it and maybe you know the person won't reward you anyway, although I wouldn't want to read that motive into it but there is that possibility. There should be a distinction is the argument, lesser penalty than would be prescribed in this amendment. *So it says that it would be the next lower classification below the value of the item lost, mislaid, or delivered under a mistake* pursuant to section 120, and 120, if you will refer to 120, you see that is the theft classification. *So it would go down one classification for the category in which it is placed.*

(Emphasis supplied.) Floor Debate, L.B. 38, Judiciary Committee, 85th Leg., 1st Sess. 1801 (Mar. 23, 1977).

The general law is settled. First of all, as set out in *State v. Suhr*, 207 Neb. 553, 560, 300 N.W.2d 25, 29 (1980): "It is a fundamental principle of statutory construction that a penal statute is to be strictly construed." Secondly, as set out in the same case at 558, 300 N.W.2d at 28:

> In this state, all public offenses are statutory. "No act is criminal unless the Legislature has in express terms declared it to be so, and no person can be punished for any act or omission which is not made penal by the plain import of written law." *State v. Ewert*, 194 Neb. 203, 204, 230 N.W.2d 609, 610 (1975).

Where the situation exists that the Legislature has not provided a penalty, our duty is clear. As set forth in *Lane v. State*, 120 Neb. 302, 309, 232 N.W. 96, 99 (1930):

> In view of the canons of construction heretofore set out, we may not by judicial construction ignore specific limitations or extend the scope of the penalty provided in the barbers' act beyond the express words in which they are prescribed. The conclusion is that there are no penalties provided in chapter 163, Laws 1927, as amended, for the violation of any of the provision [sic] of section 3 of the barbers' act. Therefore none can be applied or enforced by the state.

There is no penalty provided in this case, and defendant's conviction must be reversed.

It should be indicated, in passing, in view of the value classification orientation of all theft offenses, that note should be taken of the provisions of Neb. Rev. Stat. § 29-2026.01 (Reissue 1979). While that statute refers to "larceny, embezzlement or obtaining under false pretenses," it is obviously necessary that the jury determine "the value of the thing involved" in order that the court may determine the applicable sentence. There was no prejudicial error in this case, because the value of the thing involved was alleged to be the minimum—$0 to $100—and the State did prove some value of the lost purse.

The judgment appealed from is reversed and the cause remanded with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

CAPORALE, J., participating on briefs.

KRIVOSHA, C.J., dissenting.

I regret that I must respectfully dissent from the majority opinion in this case. While I concede that the language of Neb. Rev. Stat. § 28-514 (Reissue 1979) is not a model of legislative draftsmanship, nevertheless, I believe that it is sufficiently clear and that the Legislature has, indeed, provided a penalty for a violation of § 28-514. Theft other than of property lost, mislaid, or delivered by mistake, having a value of $100 or less, is, under the provisions of Neb. Rev. Stat. § 28-518(4) (Cum. Supp. 1982), a Class II misdemeanor. Section 28-514 provides in part: "Any person violating the provisions of this section shall, upon conviction thereof, be punished by the penalty prescribed in the next lower classification below the value of the item lost, mislaid, or delivered under a mistake pursuant to section 28-518." It seems fairly clear to me that § 28-514 provides that if you steal lost, mislaid, or mistakenly delivered property having a value of $100 or less and would be guilty of a Class II misdemeanor but for the fact that you stole property which was lost, mislaid, or delivered by mistake, you are guilty of a Class III misdemeanor, pursuant to the provisions of Neb. Rev. Stat. § 28-106(1) (Cum. Supp. 1982), which defines the various penalties for the classes of misdemeanors. Obviously, one cannot ever steal property having a value of less than zero. It occurs to me that the legislative history, as expressed by the majority, simply supports that view. It also occurs to me that the reason we have had to rely upon plain error is because the statute was not nearly as confusing to counsel, who did not argue the point, as it is to the court. I would have affirmed the conviction and the sentence imposed.