SABINA WILCOX AND LEWIS A. WILCOX, Appellants, v. L. M. MANN AND JOHN W. DAY.

Fraud: ESTOPPEL BY RATIFICATION: *Consideration.* A man and a wife conveyed their farm to their son, taking from him a writing reciting that the conveyance was in trust to enable the son to sell the farm for their benefit, and on their approval. The son

thereafter conveyed the farm in consideration of the conveyance to him of certain land. Thereafter the original grantors, having charged the grantee of their son with fraud in procuring the conveyance, and with full knowledge of the transaction, agreed with the son and with such grantee to relinquish their claim to the farm in consideration of certain moneys to be paid by the son. The agreement was entered into some four months after the conveyance by the son, and independently of the advice or representations of the grantee of the son, and with full knowledge of the facts. *Held*, that they were not entitled to have the agreement ratifying the sale by the son or the deed by the son set aside on the ground of fraud, inadequate consideration or undue influence.

**Former Adjudication:** BREACH OF TRUST. Where a son conveyed property which he held in trust and on a suit by the grantees to foreclose a mortgage he had given, he set up fraud in obtaining such conveyance, the judgment against him is no bar to an action by the beneficiaries under the trust, against the grantees of the son, to set aside the conveyance.

**Needless Abstracts and Denials:** TIMELY FILING. Where appellees filed a denial after appellants filed their abstract, a motion more than a year after appellants filed their abstract, a motion to strike out such additional abstract and to tax the cost thereof to the appellees will be sustained, where the same was not necessary to full presentation of the same.

SAME: *Service.* Where a case was continued at the January term, 1901, of the supreme court, to allow the appellants time to reply to the appellee's argument, then recently filed, an amendment by appellants of their abstract, called out by the additional abstract and the argument filed by the appellees, will be stricken out on motion of the appellees, where such amendment, though filed January 19, 1901, was not served until May 25, 1901, —two days before the case was submitted.

*Appeal from Polk District Court.*—HON. S. F. PROUTY, Judge.

THURSDAY, OCTOBER 24, 1901.

ACTION in equity to set aside and cancel a deed from Charles F. Wilcox to defendant John W. Day for certain real estate, and a writing executed by the plaintiffs, on the grounds of fraud, inadequate consideration, and coercion

and undue influence. The defendants answered separately at great length, each, in effect, denying the allegations of fraud, inadequacy of consideration, coercion, and undue influence, and pleading ratification and former adjudication. Decree was rendered dismissing plaintiff's petition, from which they appeal.—*Affirmed.*

*Cummins, Hewitt & Wright* and *Barcroft & Mc-Caughan* for appellants.

*C. C. & C. L. Nourse* for appellees.

GIVEN, C. J.—I. On and for a long time prior to March 29, 1894, plaintiffs owned and occupied as their homestead a certain 280 acres of land in Guthrie county, subject to a mortgage for $3,700. On that day they conveyed said land by an absolute deed, subject only to said incumbrance, to their son Charles F. Wilcox, which deed was duly filed for record. Plaintiffs claim, and the evidence shows, that Charles executed a writing to them showing that said deed was in trust for plaintiffs, and for the purpose of enabling Charles to dispose of the land for them on terms to be approved by them. On April 25, 1894, defendant Day and Charles entered into an agreement in writing, whereby Day agreed to convey to Charles certain real estate in the city of Des Moines free of incumbrance, and certain other real estate in said city subject to a mortgage of $1,500, and to pay him $150 in cash. In consideration thereof Charles agreed to convey to Day, by warranty deed, said land, subject to the mortgage thereon. "Day does not agree to assume the payment of said incumbrance. * * * This land is to be conveyed subject to a lease for 1894, and said lease will be assigned by second party to first party." Thereafter, on May 4, 1894, Day and Charles F. Wilcox exchanged deeds as provided in said written agreement. On May 17, 1894, Charles gave Day an order in writing to Albinus Wilcox, the lessee of the farm under plaintiff, to

pay Day the rent of the farm for the season of 1894, and cu May 24, 1894, he gave another order for the rent to March 1, 1895. On that twenty-fourth day of May they entered into a written agreement, whereby, in lieu of assigning to Day the farm lease, Charles gave to Day the rentals of the city property to March 1, 1895, and agreed to pay him $70. Plaintiffs contend that Mann and Day were men of large experience in dealing in real estate; that Charles was young, and inexperienced, and in this transaction advised with and reposed implicit confidence in Mr. Mann, as he (Mann) well knew; that Mann and Day, being related, and connected in business, combined to induce Charles to enter into said agreement for the exchange of properties, and did, by false and fraudulent representations, induce him to do so for an inadequate consideration, they knowing that Charles held the title in trust for plaintiffs, and could not convey without their consent. They also contend that Charles was induced to execute the deed to Day for the farm by threats of prosecution for disposing of property that did not belong to him. In the view we take of the case, we need not determine whether or not these contentions are established.

II. Plaintiffs, being dissatisfied with the transaction between Day and Charles, were threatening to bring an action to set it aside, whereupon, after considerable negotiations, in which Mann took part, the following occurred on the twentieth day of September, 1894: Charles F. and plaintiffs entered into a written agreement, which, after reciting that whereas plaintiffs make some claim to an interest in said farm deeded to Day, continues as follows: "Now, therefore, in consideration of the relinquishment by said second parties of such claim, the said first party hereby agrees to pay second parties the sum of four thousand and seven hundred dollars ($4,700.00) on or before five years from this date, with interest thereon at the rate of seven per cent. per annum from March 1st, 1895, pay-

able semi-annually, with the option of paying $100.00 of the principal, or any multiple thereof, at any time, according to the tenor and effect of the promissory note of even date herewith. And it is further agreed that, in the event of said first party failing to pay said interest when the same becomes due, he will convey and transfer by warranty deed, subject to the incumbrance now thereon, the following described real estate in Polk county, Iowa, to wit: Lot No. two (2) and the east eleven feet of lot No. one (1), all in Case's addition to North Des Moines, now included in and forming a part of the city of Des Moines, Iowa. Also lots No. one hundred and thirty-four (134) and one hundred and thirty-five (135) of L. M. Mann's First addition to Oak Park, also now included in and forming a part of the city of Des Moines, Iowa. And it is further agreed that at the same time of his conveyance said real estate to said second parties, the first party will execute his promissory note payable to said second parties for the sum of five hundred and twenty dollars ($520.00), payable as follows: One hundred dollars per annum until all shall be paid. And it is further agreed that L. M. Mann, of Des Moines, Iowa, shall collect the rent on the properties last above described, and apply the same first to pay the interest on the incumbrance now thereon, and the balance to said second parties herein; such arrangement for collecting of rent to commence at the time the arrangement with J. W. Day now in force ceases and continue one year from said date; said Mann to make no charges for such collection of rent; the balance of the rent to be paid to said second parties to apply and be indorsed on the said note of $4,700.00 of said Chas. Wilcox, as interest. And said first party agrees that he will not convey said real estate, nor further incumber it, during the continuance of this contract, without the consent of said second parties." In pursuance of this agreement Charles F. executed and delivered to plaintiff his note for $4,700. On the same day

the plaintiffs executed and acknowledged a writing as follows: "Des Moines, Iowa, Sept. 20, 1894. Rec'd of L. M. Mann, for J. W. Day, twenty-five dollars, and we have further rec'd a note and written contract made by Charles F. Wilcox agreeing to pay to Lewis A. and Sabina H. Wilcox the sum of forty-seven hundred dollars on or before 6 years, with 7 per cent. interest. In consideration of the above cash and written agreement, we do hereby agree to peaceably vacate March 1st, 1895, the following lands: The southeast quarter of the southwest quarter and the south half of the southeast quarter of section No. 24, and the northwest quarter of section No. 25, all in township 79, range 33 west of the 5th P. M., Iowa, containing 280 acres; and the said Lewis A. Wilcox and Sabina H. Wilcox, his wife, in consideration of the above, hereby relinquishes to J. W. Day all their right, title, and interest in said land. This writing is given to confirm, ratify, and complete the deed made May 4th, '94, to the above-described lands, made by Chas. F. Wilcox to J. W. Day." These instruments were executed and acknowledged by plaintiffs after they were fully advised of the terms of the exchange of properties, and had ample opportunity to inform themselves as to the condition and value of the city property. Plaintiffs allege that defendants, "by persuasion, threats, menace, and deception," obtained Charles and themselves to enter into said written agreement between them. These writings were executed after plaintiffs were claiming that Mann and Day had acted fraudulently in procuring Charles to execute the first agreement and the deed. They were acting for themselves, and not in reliance upon the advice or representations of Mann or Day. We think plaintiffs have failed to show that they were induced to execute said writings by persuasion, threats, menace, or deception. They executed them with full knowledge of all the facts, and must be held to have thereby ratified the agreements and conveyance made by Charles.

III.   The defendant's plea of former adjudication is not well founded.   The decree relied upon was rendered in an action by Day against Charles F. to foreclose the $500 mortgage executed by Charles to Day in pursuance of the original agreement.   True, Charles pleaded as defense substantially the same matters that plaintiffs pleaded in this case as reasons for setting aside the contract and deed, but neither Mann nor the plaintiffs were parties to that action, and no relief was asked for or against either of them.

IV.   More than one year after plaintiffs filed their abstract, defendants filed a denial thereof and an additional abstract.   Plaintiff's motion to strike this additional abstract is sustained, and the cost thereof taxed to the defendants, for the reason that the same was not necessary to a full presentation of the case.

Plaintiffs filed an amendment to their abstract, which defendants moved to strike.  At the January term, 1901, this case was continued to allow plaintiffs time to reply to defendants' argument recently filed.   This amendment was, no doubt, called out by defendants' additional abstract and argument filed January 19, 1901, but it was not served until May 25, 1901,—but two days before the case was submitted.   The motion is sustained.

It follows from the conclusions we have announced that the decree of the district court must be AFFIRMED.