VIVIAN JOHNSON v. WILLIAM S. ERVIN AND OTHERS.[1]

April 6, 1939.

No. 32,059.

[1]Reported in 285 N. W. 77.

*Robert Cowling,* for appellant.

*J. A. A. Burnquist,* Attorney General, and *John A. Weeks,* Assistant Attorney General, for respondents.

HOLT, JUSTICE.

Plaintiff, a licensed beauty culturist, for herself and others similarly situated, seeks a declaratory judgment decreeing two sections of the act regulating and licensing barbers unconstitutional and enjoining the enforcement thereof by defendants, the attorney general, the county attorney, and the state board of barber examiners. Defendants' demurrer to the complaint was sustained, and plaintiff appeals.

The complaint is lengthy and need not be set out *in extenso.* The two sections challenged as unconstitutional are 3 Mason Minn. St. 1938 Supp. §§ 5846-2 and 5846-4 (L. 1927, c. 316, §§ 2 and 4), reading:

"5846-2. Any one or any combination of the following practices when done upon the head and neck for cosmetic purposes and not for the treatment of disease or physical or mental ailments and when done for payment either directly or indirectly or without payment for the public generally constitutes the practice of barbering within the meaning of this act; to shave, trim the beard, cut or bob the hair of any person of either sex for compensation or other reward, received by the person performing such service or any other person; to give facial and scalp massage or treatments with oils, creams, lotions or other preparations either by hand or mechanical appliances; to singe, shampoo the hair or apply hair tonics; or to apply cosmetic preparations, antiseptics, powders, oils, clays or lotions to scalp, face or neck."

"5846-4. The following persons are exempt from the provisions of this act while in the proper discharge of their professional duties:

"1. Persons authorized by the law of this state to practice medicine, surgery, osteopathy, chiropractic and massage;

"2. Commissioned medical or surgical officers of the United States Army, Navy, or Marine Hospital Service;

"3. Registered nurses;

"4. Persons practicing beauty culture.

"However, the provisions of this section shall not be construed to authorize any of the persons exempted to shave or trim the beard or cut the hair of any person for cosmetic purposes."

The complaint avers that the beauty culture act authorizes those licensed thereunder to do "slight hair trimming of women as a part of women's hairdressing," but that the above quoted sections, from the act regulating barbers, absolutely prohibit any one except a licensed barber to cut or bob hair. Because of such apparent conflict in the statutes relating to the two vocations there have been prosecutions and threats of prosecutions against licensed beauty culturists for cutting or trimming women's hair in dressing the same. This situation is the occasion for the suit.

The two sections are assailed as contravening Minn. Const. art. 1, § 7, and U. S. Const. Amends. V and XIV, in that these sections interfere with the freedom of contract, deprive the beauty culturists of the right to pursue a lawful occupation, and constitute an unreasonable and arbitrary exercise of the police power of the state. It is also claimed that the two sections contravene Minn. Const. art. 4, §§ 27 and 33.

It is undoubtedly true that the history of the legislation pertaining to the regulation of the barber trade reveals not only the legitimate purpose to promote public health, safety, and welfare but also the more questionable one of excluding the beauticians, so-called, from performing any of the work that can be brought within the definition of barber statutes. It must be accepted as settled law in this state that the trade or vocation of barbers as well as that of the beauty culturists has such relation to public health that in virtue of the police power of the state it may be regulated and those engaged therein licensed. State v. Zeno, 79 Minn. 80, 81

N. W. 748, 48 L. R. A. 88, 79 A. S. R. 422; Luzier Special Formula Laboratories v. State Board, 189 Minn. 151, 248 N. W. 664. When women began to cut or bob their hair there was no law regulating those engaged in hairdressing of women, and the statutes regulating the barbers' trade defined their work in these few words (L. 1921, c. 424, § 23): "To shave or trim the beard or cut the hair of any person." Then in 1924, this court, in State v. DeGuile, 160 Minn. 191, 199 N. W. 569, held that a woman conducting a beauty parlor could bob and cut women's hair without violating the barber statutes of 1921. Thereafter chapter 424 was repealed and L. 1927, c. 316, substituted. Section 2 thereof reads substantially as the present § 5846-2, above set out, except that after the words "To shave, trim the beard, cut or bob the hair of any person of either sex" was added this clause in parentheses: "(except the slight hair trimming of women as a part of women's hair dressing)." L. 1927, c. 316, took effect ·July 1, 1927. So also did L. 1927, c. 245, as amended (3 Mason Minn. St. 1938 Supp. § 5846-27 to and including § 5846-44), licensing and regulating beauty culturists. Therein the beauty culturist is defined [§ 5846-28(a)]:

"Any person who engages in general public practice for compensation or other reward in any one or any combination of the following practices, to-wit: arranging, dressing, curling, waving, cleansing, singeing, bleaching, coloring, or similar work upon the hair of any living person by any means, or slight hair trimming of women, as a part of women's hairdressing; the use of cosmetic preparations, antiseptics, tonics, lotions, or creams, aided with the hands or mechanical or electrical apparatus, or appliances used in massaging, cleansing, stimulating, manipulating, exercising, beautifying, the scalp, face, neck, arms, bust or upper part of the body for the purposes of beautification, shall be defined as and construed to be practicing hairdressing and beauty culture."

So far as these two codes contain regulations looking to sanitary conditions for the protection of public health and the qualifications of those licensed in either vocation to practice the same safely and efficiently there seems to be no substantial differences. However,

by L. 1929, c. 270, the clause in parentheses in L. 1927, c. 316, § 2, was deleted. In this amendment no intention can be found to narrow or restrict the work of the beauty culturists licensed under L. 1927, c. 245, or to repeal by implication the provision therein [§ 2(a)] with respect to "slight hair trimming of women, as a part of women's hairdressing," for in L. 1933, c. 264, amending L. 1927, c. 245, the same language is retained (§ 5846-28). So, while the barber code forbids every person other than a licensed barber to trim or cut the hair of any person, the licensed beauty culturist code permits the one licensed thereunder to do slight hair trimming of women as part of women's hairdressing.

Both codes contain this provision: "If any portion of this act is declared unconstitutional by a court of competent jurisdiction, it shall not affect the validity of the remainder of the act which can be given effect without the invalid portion." (§§ 5846-25, 5846-41½.) While this action seeks to have the entire two sections mentioned of the barber code decreed unconstitutional, the reply brief admits that only one provision thereof is of concern to licensed beauty culturists. And, in view of the severability sections referred to, we deem it proper to consider that provision alone. It is the last sentence of § 5846-4 that threatens prosecution of the licensed beautician in case of trimming or cutting women's hair. It reads:

"However, the provisions of this section shall not be construed to authorize any of the persons exempted to shave or trim the beard or cut the hair of any person for cosmetic purposes."

The preceding part of the section exempts from the provisions of the act certain persons "while in the proper discharge of their professional duties," and among the persons so exempted are: "4. Persons practicing beauty culture." It is obvious that the last sentence, if valid, makes it a crime for a licensed beauty culturist to cut or bob a woman's hair. There can be no doubt that cutting and dressing women's hair is as lawful an occupation as that of shaving and cutting men's beard and hair. Both Minn. Const. art. 1, § 7, and U. S. Const. Amends. V and XIV, guarantee the liberty of contract with regard to rendering services in any lawful calling save

insofar as the state in the exercise of its police power may regulate that calling in promoting public health, safety, and welfare. Is there anything in the fact that a licensed beauty culturist cuts or bobs the patron's hair instead of trimming it slightly that affects either the patron's health or safety or public health, safety, or welfare? We think not. The sanitary regulations of both codes are essentially the same. If not, it is for the legislature to see that adequate measures are provided in both to preserve and promote public health. If a licensed beauty culturist trims women's hair slightly or cuts it close it will grow out again without expense or ill effect to the women, and certainly of no effect on public health or welfare. Both codes as to the work which either the barber or the beautician may perform show that much thereof is in common. Thus both codes permit those licensed thereunder to give massage, to apply oils, creams, lotions, tonics, antiseptics, powders, clays to the face and neck, to singe hair. It is true nothing is said in the barber code about bleaching and coloring the beard or hair, but it is common knowledge that from time out of mind barbers have catered to the wishes of their patrons in that respect. The beauty culturist code specifically includes bleaching and coloring hair of the patrons.

That courts do not hesitate to declare unconstitutional a statutory provision which arbitrarily and without reasonable justification prohibits a person from pursuing a lawful calling is well established. The declaratory judgments act so provides. 3 Mason Minn. St. 1938 Supp. §§ 9455-11 and 9455-12; 16 Am. Jur., Declaratory Judgments, § 24. Plaintiff relies much on Banghart v. Walsh, 339 Ill. 132, 171 N. E. 154, 156. In that state, as in this, there are separate statutes or codes under which barbers and beauty culturists are licensed and governed. There also, as here, the barber code was amended so as to prohibit the cutting of women's hair by other than a licensed barber. The plaintiff had been for some time a licensed beautician, but was refused a renewal unless she also qualified as a barber. She then in behalf of herself and others similarly situated sued in equity to have the entire amended section of the code defining what constitutes barbering decreed un-

constitutional and defendants enjoined from enforcement thereof. A demurrer to the complaint was sustained, but the supreme court directed the demurrer to be overruled. In the discussion of the case the court said [339 Ill. 138, 140]:

"The right to follow any of the common occupations of life is an inalienable right. (Allgeyer v. Louisiana, 165 U. S. 578, 17 S. Ct. 427, 41 L. ed. 832.) When the police power is exerted to regulate the conduct of a useful business or occupation the legislature is not the sole judge of what is a reasonable and just restraint upon the constitutional right of the citizen to pursue his calling and exercise his own judgment as to the manner of conducting it, but the measures adopted to protect the public health and secure the public safety and welfare must have some relation to these proposed ends * * *. Section 2 of the Beauty Culture act has withdrawn haircutting and trimming from the trade of beauty culture and given it to the trade of barber. * * * It is unreasonable to require persons desiring to become beauty culturists practicing upon women, as a necessary qualification for cutting and trimming the hair of women, to spend 1,248 hours in a school or college of barbering and two and a half years as an apprentice in a barber shop learning to shave men and trim their whiskers,—a thing entirely foreign to the trade for which they desire to qualify and having no relation to the health or safety of their patrons in their proposed occupation as beauty culturists or to the welfare of society. Section 18 of the Barbers act, as applied to the appellants and others in the same situation, deprives them of their liberty and property without due process of law, and is therefore void under both the Federal and State constitutions."

We deem that the last sentence of § 5846-4, as applied to plaintiff, a duly qualified and licensed beauty culturist, and others similarly situated, contravenes Minn. Const. art. 1, § 7, and also U. S. Const. Amends. V and XIV. Being of this view, the objections that the two sections assailed run counter to Minn. Const. art. 4, §§ 27 and 33, need not be considered. Nor are we required under the circumstances to attempt to define "slight hair trimming of

women, as a part of women's hairdressing" in the beauty culture code.

As supporting the conclusion reached may be cited Keith v. State Barber Board, 112 Kan. 834, 212 P. 871, 31 A. L. R. 432; Lane v. State, 120 Neb. 302, 232 N. W. 96. State Board of Barber Examiners v. Blocker, 176 Ga. 125, 167 S. E. 298, is referred to, but there was a general attack on the barber act not upon any provision thereof prohibiting the cutting of women's hair by a licensed beauty culturist. The case of State v. Leftwich, 142 Wash. 329, 253 P. 448, 59 A. L. R. 539, runs counter to State v. De Guile, 160 Minn. 191, 199 N. W. 569, and the question here involved was not there considered.

Order reversed.

PETERSON, JUSTICE.
I dissent.

MR. CHIEF JUSTICE GALLAGHER, being engaged on the pardon board when this case was argued, took no part in the consideration or decision of the case.

MR. JUSTICE HILTON, incapacitated by illness, took no part.

