### JEFFS v. BOARD OF EXAMINERS OF BARBERS.

1. LICENSES—COSMETOLOGISTS—BARBERS.

A licensed cosmetologist who merely cuts or trims the hair of her lady customer as an incident to her work is not performing the work customarily done by a barber, as a cosmetologist should be permitted to do all that cosmetologists customarily do in their regular and ordinary work (2 Comp. Laws 1929, § 8708; Act No. 176, § 2, Pub. Acts 1931, as amended by Act No. 323, Pub. Acts 1937).

2. CONSTITUTIONAL LAW—LICENSES—COSMETOLOGISTS—BARBERS—DUE PROCESS.

The act regulating barbers, when construed as not requiring licensed cosmetologists to procure a license under the barbers act in order to cut or trim hair incident to other work as a cosmetologist, does not violate the due process clauses of the Federal and State Constitutions (U. S. Const. am. 14; Mich. Const. 1908, art. 2, § 16; 2 Comp. Laws 1929, § 8708).

3. LICENSES—COSMETOLOGISTS—BARBERS—PUBLIC HEALTH.

Since both the cosmetology and barber acts embrace provisions designed to prevent the spread of communicable disease, protection of the public health would not afford a basis for requiring cosmetologists to be licensed under the barbers act in order to cut or trim the hair of a lady customer incident to other work customarily or ordinarily performed by a cosmetologist and peformed on the same customer and on the same occasion as such other work (2 Comp. Laws 1929, § 8708; Act No. 176, § 2, Pub. Acts 1931, as amended by Act No. 323, Pub. Acts 1937).

4. INJUNCTION—BOARD OF EXAMINERS OF BARBERS—COSMETOLOGISTS.

Where defendant board of examiners of barbers exceeded its authority by threatening cosmetologists with prosecution if

they were not duly licensed as barbers, an injunction is authorized to restrain enforcement of the barbers act against such persons (2 Comp. Laws 1929, § 8708; Act No. 176, § 2, Pub. Acts 1931, as amended by Act No. 323, Pub. Acts 1937).

5. COSTS—PUBLIC QUESTION—BARBERS—COSMETOLOGISTS—LICENSES. No costs are allowed in suit to determine whether or not cosmetologists need be licensed under the barbers act in order to do incidental cutting and trimming of hair, a question of public interest being involved (2 Comp. Laws 1929, § 8708; Act No. 176, § 2, Pub. Acts 1931, as amended by Act No. 323, Pub. Acts 1937).

Appeal from Wayne; Brennan (John V.), J. Submitted February 18, 1947. (Docket No. 64, Calendar No. 43,399.) Decided January 6, 1948.

Bill by Thelma Jeffs and others against the Board of Examiners of Barbers in and for the State of Michigan and others to restrain defendant board from attempting to collect from the plaintiffs fees required by Act No. 382, Pub. Acts 1927, as amended. Journeymen Barbers, Hairdressers and Cosmetologists International Union of America, A. F. of L. Local No. 552, intervened as party defendant. Bill dismissed. Plaintiff appeals. Reversed and decree entered.

*Lula E. Bachman,* for plaintiffs.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara, Ben H. Cole,* and *Leonard Meldman,* Assistants Attorney General, for defendant.

REID, J. The individuals who are named as plaintiffs separately operate beauty parlors and are separately engaged as cosmetologists in the practice of hair dressing and it appears from the record that plaintiffs are duly licensed to so practice. Plaintiffs

filed the bill of complaint to obtain an injunction restraining defendant State board of examiners of barbers from interfering with plaintiffs in the practice of their occupation and from collecting or attempting to collect from plaintiffs, fees provided for in the act to regulate barbering and hair cutting, hereinafter referred to as the barbers act, being Act No. 382, Pub. Acts 1927 (2 Comp. Laws 1929, § 8691 *et seq.*), as amended by Act No. 307, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8691-1 *et seq.*, Stat. Ann. and Stat. Ann. 1947 Cum. Supp. § 18.91 *et seq.*). The lower court adopted plaintiffs' theory as to the disputed construction of the statute but refused to issue the writ prayed for and dismissed the bill. From the decree, plaintiffs appeal. Defendant State board took a general cross appeal.

The Journeymen Barbers, Hairdressers and Cosmetologists' International Union of America, A. F. of L., Local No. 552 of Detroit, Michigan, the United Master Barbers Association of Michigan, Inc., and the State Barbers Association of Michigan, a Michigan nonprofit corporation, upon leave granted in the lower court intervened as defendants. The interveners merely sought to defeat the purposes of the bill. Plaintiffs sought no relief as against the interveners.

Barbering and dressing of women's hair are both ancient occupations. It is made to appear in this case that the clipping and thinning of women's hair has always constituted a part of hair dressing from the earliest times. Long before the word "cosmetology" was employed, hair dressers, now sometimes called stylists, thinned and snipped women's hair without regulation by the State. After the first enactment pertaining to barbers in 1899, and notwithstanding the several amendments to the barbers act, until 1943, a period of 44 years, no systematic

effort was made by the State barbers board to bring
women's hair stylists within the provisions of that
act.  Prior to 1943, cosmetologists and women's hair
stylists had not complied with the barbers act, and
had not considered themselves as being within that
act, and had not been threatened with prosecution
if they did not comply with the provisions of that
act, excepting that some members of the defendant
board claim sporadic efforts had been made to en-
force the barbers act against the cosmetologists.

In 1943 defendant barbers board and its members
sent a circular letter, exhibit No. 1, to cosmetologists
licensed under the cosmetology act, threatening ac-
tion against them unless they complied with the
provisions of the barbers act.  This was followed up
by a similar letter, exhibit No. 2.  The barbers board
made complaints against hair stylists registered
under the cosmetology act and prosecuted some of
them for noncompliance with the barbers act.

Regulatory statutes under the police power have
been adopted for the supervision of both occupations,
barbering and cosmetology, by the State of Michi-
gan.  The barbers act was first enacted in 1899, be-
ing Act No. 212, Pub. Acts 1899, and it was there-
after followed by Act No. 235, Pub. Acts 1901 and
Act No. 387, Pub. Acts 1913 (2 Comp. Laws 1915,
§§ 6828–6849).  That earlier act, with its amend-
ments, was repealed by Act No. 382, Pub. Acts 1927,
which act was amended by Act No. 106, Pub. Acts
1933 and Act No. 307, Pub. Acts 1937.  The first
regulatory act applying to women's hair stylists
was enacted as the cosmetology act by Act No. 176,
Pub. Acts 1931, and was amended by Act No. 323,
Pub. Acts 1937 and Act No. 303, Pub. Acts 1945
(Comp. Laws Supp. 1940, 1945, § 8714–1 *et seq.,*
Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 18.131
*et seq.*).

Plaintiffs contend that the cosmetology act under which they operate does not require a license from the defendant State board to do hair dressing and hair styling as practiced by cosmetologists. Defendants contend that hair dressing and hair styling as practiced by cosmetologists is in fact hair cutting within the meaning of the barbers act and hence, a license by the State board of examiners of barbers to do such is necessary.

Section 2 (b) of the cosmetology act * (Comp. Laws Supp. 1940, §·8714–2, Stat. Ann. 1946 Cum. Supp. § 18.132) contains the following:

"The provisions of this act shall not authorize any registered cosmetologist to cut or clip the hair of any person unless he or she has first obtained a license to [do so] under the provisions of Act No. 382 of the Public Acts of 1927."

In construing the words, "cut or clip the hair of any person," we must have in mind the following statement of what constitutes practicing the occupation of a barber, the doing of which without a barber's license constitutes a violation of the barbers act. Section 18 of the act (2 Comp. Laws 1929, § 8708 [Stat. Ann. § 18.109]) contains the following:

"To shave, trim the beard or cut the hair of any person, or to perform any work customarily done by barbers as such, for hire or reward, shall be construed as practicing the occupation of a barber within the meaning of this act."

It will be noted that the cosmetologist who merely cuts or trims the hair of her lady customer as an incident to her work is not performing the work customarily done by a barber. The trial court held:

"To hold that such hair cutting, clipping, et cétera, as is incidental to hair dressing and hair styling,

* Section 2 was amended by Act No. 323, Pub. Acts 1937.—Reporter.

within the meaning of the cosmetology act, is hair cutting within the meaning of the barber act, would, in the court's opinion do violence to the legislative intent expressed in both or either acts.    *    *    * On the other hand, when hair cutting, as practiced on the individual or on customers in general, becomes the important or main feature of the process, and not the incident thereto, then the requirements of section 2 (b)    *    *    *    [Comp. Laws Supp. 1940, § 8714–2, Stat. Ann. 1946 Cum. Supp. § 18:132] apply, and such operator must obtain a license in accordance with the aforementioned provision.''

We consider that the legislature intended that a licensed cosmetologist should be permitted to do all that cosmetologists customarily do in their regular and ordinary work but did not intend that a licensed cosmetologist should assume to do the work customarily and ordinarily done by a licensed barber.

Prevention of spread of communicable diseases is a matter that seems to be taken care of in both the barbers act and the cosmetology act, and there is no showing in the record of any need on account of public health or sanitation for requiring the licensed cosmetologist to be submitted to the requirements of the barbers act.

Defendants frankly call the court's attention to a late Minnesota case, *State* v. *DeGuile,* 160 Minn. 191 (199 N. W. 569), where it was held that a woman conducting a beauty parlor could bob and cut women's hair without violating the Minnesota barber statutes of 1921.    Defendants further cite *Johnson* v. *Ervin,* 205 Minn. 84 (285 N. W. 77).

Plaintiffs claim that the barbers act if construed as contended for by defendant State board would violate the due process clauses of the Federal and State Constitutions.    We do not adopt the construction of the barbers act contended for by defendant board; therefore. such claim of plaintiffs need not

be considered nor decided in this case. As we construe the barbers act we find that that act does not violate the Federal or State Constitutions.

We conclude that it was not the intention of the legislature that a licensed cosmetologist should be considered guilty of a violation of the provisions of the barbers act merely because without a barber's license she clips or trims hair as an incident to her work, if the clipping or trimming of hair is of the type that cosmetologists customarily and ordinarily do and is performed on the same customer and on the same occasion as other work such as is customarily done by a cosmetologist.

The trial judge came to a like conclusion but considered it not necessary to grant a writ of injunction. The defendant board had put out circulars threatening cosmetologists with prosecution for doing what we find the cosmetologists, duly licensed as such, had a lawful right to do. The defendant board acted outside of the sphere of its lawful activities and did not offer to discontinue its unlawful activities. It was subject to being enjoined and should be enjoined in the instant case.

Act No. 38, Pub. Acts 1947, which amended section 2 of Act No. 176, Pub. Acts 1931, as amended by Act No. 323, Pub. Acts 1937, could of course have no effect in determining the rights of the parties involved in this case as the rights of the parties stood at the time the suit was instituted, but would effectively dispose of the principal propositions advanced by the defendant board as far as concerns matters occurring after the effective date of said Act No. 38.

We may assume compliance with Act No. 38, Pub. Acts 1947, but cannot assume that defendants without injunction will certainly refrain from bringing any prosecutions for matters occurring before the

effective date of Act No. 38, Pub. Acts 1947; therefore, an injunction may issue if found necessary.

We concur in the finding by the trial judge construing the act under which this suit was brought, Act No. 382, Pub. Acts 1927, as amended, but consider that a writ should issue if found necessary, forbidding the defendants from interfering with or molesting the plaintiffs in the lawful practice of their occupation of beautician, beauty operator and cosmetologist, including the cutting of women's hair in connection therewith, and from attempting to collect from them the fees provided for in Act No. 382, Pub. Acts 1927, as amended.

The decree appealed from is reversed. A decree may be entered herein in accordance with this opinion and the case is remanded to the trial court for further proceedings if found necessary. No costs are allowed, a question of public interest being involved.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, BUTZEL, and CARR, JJ., concurred. DETHMERS, J., did not sit.