THE HONORABLE, THE ASSEMBLY
Senate Bill No. 216 (1971), if enacted into law, would remove the exemption of licensed cosmetologists from the Barber Code and require that shaping, cutting or singeing the hair of male patrons be performed by persons who have complied with the same apprenticeship and training standards of barbers. You inquire as to the constitutionality of *Page 377 
the proposed law and whether it would conflict with either the Federal Civil Rights Act of 1964 or state equal opportunity laws.
The term "barbering" includes shaving; trimming the beard or cutting the hair; giving facial or scalp massages or treatments with oils, creams, lotions or other preparations, either by hand or mechanical appliances; singeing, shampooing, arranging, dressing or dying of the hair; applying hair tonics: applying cosmetic preparations, antiseptics, powders, oils, clay or lotion to the scalp, face or neck. Sec. 158.01, Stats.
The term "cosmetology" includes practices generally performed by beauty culturists, cosmeticians, cosmetologists or hairdressers including the arranging, dressing, curling, waving, cleansing, cutting, bleaching, coloring or similar work upon the hair of any person by any means, with hands or mechanical apparatus, or by the use of cosmetic preparations, antiseptics, tonics, lotions, creams or otherwise, and includes the massaging, cleansing, stimulating, manipulating, exercising, beautifying or similar work upon the scalp, face, neck, shoulders or hands, manicuring the nails of any person, or the removal of hair. Sec. 159.01 (1), Stats.
From the foregoing it will be observed that barbering and cosmetology practices are very similar. It has been said to be a matter of common knowledge that the trade of barbers and that of the cosmetologist are closely akin. 56 A.L.R. 2d 903. Ladies hair bobbing, in fact, is a branch of the barber business. Words and Phrases, "Barbering." A fundamental difference is that cosmetologists do not engage in the practice of shaving the face. 10 Am. Jur. 2d, Barbers and Cosmetologists, § 3.
Another difference between the two vocations involves licensing requirements. Essentially, a journeyman barber's license may be acquired only after a three-year apprenticeship. Sec. 158.10, Stats. An operator's license in cosmetology requires either a two-year apprenticeship or completion of a course of instruction of at least 1500 hours. Secs. 159.02 (3) and 159.08 (4) (a), Stats. *Page 378 
The right to follow any of the common occupations of life has been deemed to be an inalienable right by the United States Supreme Court. Allgeyer v. State ofLouisiana (1897), 165 U.S. 578, 17 S.Ct. 427, 41 L.ed. 832. However, the occupation of cosmetology and of barbering are subject to regulation under the police power of the State since both are trades which operate directly on a person and directly affect health, comfort and safety of the public. 10 Am. Jur. 2d, Barbers and Cosmetologists, § 2. Our State Supreme Court has indicated that the code regulating these vocations is more than a health law in that it concerns safety and general welfare of the public as well. Toebe Academy of Beauty Culture v. Kelly
(1941), 239 Wis. 103, 300 N.W. 476.
The constitutional validity of regulations enacted under the police power of the state depends on whether such regulations are reasonably conducive to securing and protecting public health, safety and welfare. 10 Am. Jur. 2d, Barbers and Cosmetologists, § 1. Thus, a provision of the Illinois Barbers Act denying beauty culturists the right to cut hair without a barber's license was held to be an unreasonable requirement in violation of the Due Process Clause of the Constitution because it had no definite relationship to public health, safety and welfare. Banghart v. Walsh (1930),339 Ill. 132, 171 N.E. 154.
Similarly, a Minnesota statute which prohibited cosmetologists from cutting the hair of any person was found to be in violation of due process provisions of the Federal Constitution guaranteeing liberty of contract. The court said:
"It is undoubtedly true that the history of legislation pertaining to the regulation of the barber trade reveals not only the legitimate purpose to promote public health, safety and welfare but also the more questionable one of excluding the beauticians, so-called, from performing any of the work that can be brought within the definition of barber statutes."
The court noted that it was unreasonable to require time to be spent learning to shave men and trim their whiskers when such practices are entirely foreign to the beauty *Page 379 
trade. Johnson v. Ervin (1939), 205 Minn. 84, 86,285 N.W. 77.
A Michigan court observed that the art of barbering and hairdressing are both ancient occupations. The court held that haircutting and clipping incidental to hair styling was not within the meaning of the Barbering Act. Jeffs v. Board of Examiners of Barbers (1948),320 Mich. 78, 30 N.W.2d 445.
Senate Bill No. 216 (1971), in essence, would prevent males from patronizing today's so-called hairstylist. The proposed regulation would confine the practice of the cosmetic arts to women. In terms of public health, safety and welfare, the Bill unreasonably discriminates against male persons and cosmetologists in contravention of the Fourteenth Amendment of the United States Constitution. Basic regulatory statutes are designed to protect the public, and should not be used for the primary purpose of restricting competition. WisconsinCollectors Asso. v. Thorp Finance Corp. (1969),43 Wis.2d 229, 168 N.W.2d 565.
Based on the foregoing, I am of the opinion that Senate Bill No. 216 (1971), if enacted into law, could not withstand a judicial test of constitutionality regardless of whether suit was brought in the form of a Federal civil rights matter or a State equal opportunity action.
RWW:WLJ